# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  2:21-mj-345
)
The Location of AT&T Cellular Device )
Assigned Call Number 614-956-9416 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Southern___ District of ___Ohio___ *(identify the person or describe property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___846___, and the application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by HSI. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ROBERT KUKOVEC  Digitally signed by ROBERT KUKOVEC
Date: 2021.05.18 11:25:38 -04'00'
*Applicant's signature*

Robert Kukovec, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  5-18-21

*Judge's signature*

City and state:  Columbus, Ohio    Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE AT&T CELLULAR TELEPHONE ASSIGNED CALL NUMBER 614-956-9416 | Case No. _____<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Robert Kukovec,** being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 614-956-9416 (the "**Target Cell Phone**"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas. The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed as a Special Agent since April 2002 and I am currently assigned to the

HSI office in Columbus, Ohio (HSI Columbus). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am currently assigned to a multi-jurisdictional narcotics taskforce in Columbus, Ohio, and I am cross designated to investigate violations of Title 21 of the United States Code. Prior to my employment with HSI (and formally U.S. Customs), I was employed as a police officer in the state of Ohio for approximately 8.5 years. My responsibilities and duties include the investigation and enforcement of federal laws and regulations related to customs and immigration violations, including but not limited to narcotics, financial crimes, fraud, and violations of the Immigration and Nationality Act.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) have been committed, are being committed, and will be committed by unknown persons utilizing the **Target Cell Phone**. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses and related crimes.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court

2

of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. HSI Columbus and the Delaware County Drug Task Force (DCDTF) in Delaware, Ohio are currently investigating a group of subjects involved in the distribution of cocaine within the Southern District of Ohio. Information provided to investigators thus far indicates this group is comprised of known and unknown United States citizens and Mexican nationals who are illegally present in the United States. This group has also crossed into a DEA Columbus drug investigation.

8. Information provided to investigators by a confidential source (CS) indicates that Jose Fernando TORRES is currently in control of this cocaine trafficking organization on behalf of a Hispanic male who is currently in Mexico, but who had been previously in the United States illegally. According to the CS, TORRES has several other subjects working for him distributing the cocaine within the Southern District of Ohio. TORRES is a U.S. citizen of Chilean descent.

9. According to the CS, the **Target Cell Phone** is currently being utilized by TORRES. Furthermore, record checks on the **Target Cell Phone** indicated this number was utilized by TORRES to contact the Columbus Police Department on November 11, 2020 in reference to an accident he witnessed.

10. The CS also identified a vehicle utilized by TORRES and provided the apartment complex where he was residing on the east side of Columbus, Ohio. Investigators located the vehicle described by the CS parked at the identified apartment complex, a white 2010 Dodge tow truck (Ohio temporary registration L006772) registered to R and J Towing Services LLC at 2840 Banwick Road in Columbus, Ohio. Record checks revealed there was no active business

3

registered under that name in Ohio nor any business by that name located at the 2840 Banwick Road address.

11. On April 5, 2021, HSI Columbus and the DCDTF obtained a pen register court order and a GPS phone ping search warrant for the **Target Cell Phone** through the U.S. District Court in the Southern District of Ohio. Toll and pen register activity on the **Target Cell Phone** indicated consistent communication with two Mexican phone numbers: 52-5616276330 and 52-6647917774. A check of both these phone numbers revealed they were potentially linked via toll records to two other DEA Columbus investigations. The GPS phone ping also initially confirmed that the **Target Cell Phone** was consistently hitting overnight at the apartment complex on the east side of Columbus, Ohio where the CS advised TORRES lived. The CS later advised investigators that TORRES moved, but the CS did not know where he moved to in the Columbus, Ohio area. However, the GPS phone pings indicated that the **Target Cell Phone** started to hit overnight in the area of S. High Street and E. Rich Street in downtown Columbus. There were several apartment buildings in this area.

12. The CS also advised that TORRES had started driving a black 2011 Volkswagen Touareg (Ohio temporary registration L433755) around the same time he moved. The vehicle was registered to Pollas Transport Service at 265 Heatherbridge Lane in Blacklick, Ohio. The business did not appear to exist in Ohio and the address returned to an apartment complex. Investigators were able to locate this vehicle parked in a secure area of a parking garage at S. High Street and E. Rich Street in Columbus, Ohio reserved for residents of the apartments in that area. However, a short time later, the CS stated TORRES was in an accident with the black Volkswagen Touareg and started driving a grey 2008 Infinity M35 (Ohio temporary registration L433756) registered to Minute Man Delivery Service at 3860 Refugee Road in Columbus, Ohio.

4

This business also did not appear to exist in Ohio and the address actually returned to Korner Kars Auto Rental. Based on your affiant's training and experience, narcotics traffickers typically utilize false addresses and/or register vehicles in false/fraudulent names to avoid detection.

13. On April 9, 2021, based on the GPS phone pings, the **Target Cell Phone** traveled from Columbus, Ohio to San Antonio, Texas via the interstate, stayed briefly around the San Antonio airport, then travelled to Charlotte, North Carolina via airplane, stayed briefly at the Charlotte airport, then travelled to the Dayton, Ohio airport via airplane, and then travelled back to Columbus, Ohio via the interstate, all within a 24-hour period. This type of non-stop travel across the country over a short period of time in a circuitous manner is not considered normal travel, but more indicative of narcotics and/or bulk cash trafficking based on your affiants training and experience.

14. Based on your affiant's training and experience, narcotics traffickers tend to utilize cellular phones to communicate with narcotics customers, as well as sources of supply and others providing support in their narcotics distribution operation. Based on this information, there is probable cause to believe the information sought in this application for up to thirty days will assist in locating TORRES utilizing the **Target Cell Phone**, as well as assist investigators in locating and identifying other members of this cocaine trafficking group in order to further this investigation.

15. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data,

5

also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

16. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

6

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

ROBERT KUKOVEC
Digitally signed by ROBERT KUKOVEC
Date: 2021.05.18 11:26:14 -04'00'

Robert Kukovec
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on \_\_\_\_May 18\_\_\_\_, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 614-956-9416 (the "**Target Cell Phone**"), whose wireless service provider is AT&T, a company headquartered in Dallas, Texas.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

**Particular Things to be Seized**

All information about the location of the **Target Cell Phone** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).